**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 34th Floor
New York, New York 10016
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
TODD AUGENBAUM, Individually and On Behalf of All Others Similarly Situated,

        Plaintiff,

  v.

TONGXIN INTERNATIONAL, LTD, WILLIAM ZIELKE, RUDY WILSON, and DUANXIANG ZHANG,

        Defendants.
---------------------------------------------------------------X

Case No.: 11-cv-10 (ENV) (RER)

CLASS ACTION

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MARK GRUSICH FOR APPOINTMENT AS LEAD PLAINTIFF; AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL**

Mark Grusich respectfully submits this memorandum of law in support of his motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Fed. R. Civ. P. 42(a):

    (1)    appointing Mr. Grusich as Lead Plaintiff for the class of all purchasers of the securities of Tongxin International, Ltd. ("Tongxin" or the "Company") during the period between May 15, 2009 and December 14, 2010, inclusive (the "Class Period"); and

(2) approving Mr. Grusich's selection of The Rosen Law Firm, P.A. as Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

On January 3, 2011, a law firm commenced this action against Defendants for claims under Sections 10(b) and 20(a) of the Exchange Act. That same day, a law firm issued a PSLRA early notice advising potential class members of, among other things, the claims alleged in this case and the 60 day deadline for class members to move this Court to be appointed as lead plaintiff. A copy of the early notice is attached as Exhibit 1 to the Declaration of Phillip Kim filed herewith ("Kim Decl."). Thereafter three related actions were commenced in the U.S. District Court for the Central District of California.[1] Contemporaneous herewith, Mr. Grusich has filed a similar lead plaintiff motion in that Court.

All the related actions allege that Tongxin and certain of its present and former officers and directors violated the Exchange Act in connection with the Company's issuance of materially false and misleading statements about the Company's true financial condition; and the issuance of materially false and misleading financial statements in its periodic reports filed with the SEC.

More specifically: on June 30, 2010, the Company notified the SEC that it would not be able to file its Form 20-F for the fiscal year-ended December 31, 2009 in a timely manner because the Company's auditors had not yet completed their review. However, in early July 2010, the Company began to disclose that the postponement was related to an investigation conducted by the Company's Audit Committee into certain related-party transactions.

---

[1] The cases are: *Michael A. Goldstein v. Tongxin International, Ltd, et al.*, No. CV 11-348-VBF (PJWx); *Hong Liu v. Tongxin International, Ltd., et al.*, No. CV 11-671-VBF (PJWx); and *Richard A. Potrykus v. Tongxin International, Ltd., et al.*, No. CV 11-803-VBF (PJWx).

On October 12, 2010, Tongxin announced that it would be delisted from the NASDAQ for failure to timely file its Form 20-F. On that same day, Tongxin also disclosed that the forensic accounts hired by the Company's Audit Committee, KPMG, had issued a report that called into question the validity of said related-party transactions. On this news, Tongxin's stock dropped $0.84 per share.

Then, on November 20, 2010, Tongxin issued a press release lowering its expected revenues for fiscal year 2010 from $150-$160 million, to $100-$110 million. In the same press release, the Company also announced the removal of Defendants Rudy Wilson and Jackie Change from their respective positions as Chief Executive Officer ("CEO") and Chief Financial Officer ("CFO"). Finally, on December 13, 2010, Tongxin announced that it had initiated legal proceedings against their former CEO and CFO on charges of embezzlement.

As a result of these adverse disclosures and events, the Company's share price dropped 88% from its Class Period high, severely damaging Plaintiff and the Class.

## **ARGUMENT**

### I. MR. GRUSICH SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the latter of (i) 60 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;

3

    (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

    (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

  As set forth below, Mr. Grusich satisfies all of these criteria and thus entitled to the presumption is the most adequate plaintiff of the class and, therefore, should be appointed Lead Plaintiff.

  **A. Mr. Grusich is Willing to Serve as Class Representative**

  Mr. Grusich has filed the instant motion and a certification attesting his willingness to serve as a representative of the class and to provide testimony at deposition and trial, if necessary *See* Kim Decl., Ex. 2.  Accordingly, Mr. Grusich satisfies the first requirement to serve as Lead Plaintiff for the Class.

  **B. Mr. Grusich Has the Largest Financial Interest in the Action**

  The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005).  Of the *Lax/Olsten*-styled[2] factors in determining the largest financial interest, the financial loss is the most significant factor. *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008) (citing *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007); *see also Richardson v. TVIA, Inc.*, 2007 WL

---

[2] *Lax v. First Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Secs. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

1129344 * 4 (N.D. Cal. Apr. 16, 2007) (of the *Lax/Olsten* factors approximate loss is most determinative). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period". *In re Bally Total Fitness, Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Mr. Grusich purchased 20,700 warrants of Tongxin during the Class Period at a cost of $63,134.57. As demonstrated in the loss chart filed herewith, he has suffered losses of $47,606.17.[3] *See* Kim Decl., Ex. 3.

Mr. Grusich is not aware of any other movants that have suffered greater losses in Tongxin securities during the Class Period. Accordingly, Mr. Grusich satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

  **C.** **Mr. Grusich Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

---

[3] In determining losses for warrants still held, the Movant uses the average daily closing price of the Company's warrants after the end of the Class Period to March 3, 2011, $.067. *See In re MicroStrategy, Inc. Secs. Litig.*, 110 F. Supp.2d 427, 436 n. 22 (E.D. Va. 2000) (applying PSLRA look-back period price to held shares); 15 U.S.C. §78u-4(e)(1).

5

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a *prima facie* showing that the Movants satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required) (citations omitted). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *Id.*, at 437; *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

Mr. Grusich fulfills the requirements of Rule 23. His claims each share substantially similar questions of law and fact with the members of the class and his claims are typical of those of the members of the class. Mr. Grusich and all members of the class allege that defendants violated the Exchange Act by failing to disclose material facts about the Company's business. Mr. Grusich, as did all of the members of the class, purchased Company shares at prices artificially inflated by defendants' misstatements and omissions and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Mr. Grusich and other class members, as well as the former's strong desire to prosecute these actions on behalf of the class, provides ample reason to grant the Movant's motion to serve as Lead Plaintiffs.

### D.  Mr. Grusich Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses

The presumption in favor of appointing Mr. Grusich as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

   (a) will not fairly and adequately protect the interest of the class; or

   (b) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

  Mr. Grusich's ability and desire to fairly and adequately represent the class have been discussed in Section C, above. Mr. Grusich is not aware of any unique defenses defendants could raise against him that would render him inadequate to represent the class. Accordingly, the Court should appoint Mr. Grusich as Lead Plaintiff for the class.

## II. MR. GRUSICH'S SELECTION OF COUNSEL SHOULD BE APPROVED

  The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

  Mr. Grusich has selected The Rosen Law Firm, P.A. as Lead Counsel. The Rosen Law Firm has been actively researching the class Plaintiffs' claims - interviewing potential witnesses, reviewing financial and legal documents, seeking relevant data from third parties, and gathering other information in support of the claims against the defendants. Furthermore, the Rosen Law Firm is experienced in the area of securities litigation and class actions, and has successfully prosecuted securities litigations and securities fraud class actions on behalf of investors. *See* Kim Decl., Ex. 4.

  As a result of the firm's experience in litigation involving issues similar to those raised in this action, Mr. Grusich's counsel has the skill and knowledge to prosecute this action effectively

and expeditiously.  Thus, the Court may be assured that by approving the Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Mr. Grusich respectfully requests that the Court issue an Order (1) appointing him as Lead Plaintiff of the class; (2) approving his selection of The Rosen Law Firm, P.A. as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Respectfully submitted,

Dated: March 4, 2011

**THE ROSEN LAW FIRM, P.A.**

_/s/ Phillip Kim_
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this on the 4th day of March, 2011, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

                  /s/ Phillip Kim