## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD AUGENBAUM, Individually and on Behalf of All Others Similarly Situated, | ) ) **Civil Action No.: 11-cv-10-ENV-RER** |
| Plaintiff, | ) ) |
| v. | ) ) |
| TONGXIN INTERNATIONAL, LTD., WILLIAM ZIELKE, RUDY WILSON, and DUANXIANG ZHANG, | ) ) ) ) |
| Defendants. | ) ) |

### MEMORANDUM OF LAW IN SUPPORT OF TONGXIN SHAREHOLDER GROUP'S MOTION TO FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL

Class members Kivun Mutual Funds ("Kivun"), Guy Castleberry ("Castleberry"), Stuart and Hoai Jones ("Mr. and Mrs. Jones"), and Michael E. Puhl ("Puhl,") (collectively, the "Tongxin Shareholder Group" or "Movant") respectfully submit this Memorandum of Law in support of their motion for: (1) appointment as Lead Plaintiff in the above-referenced action pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4; (2) approval of their selection of the law firms of Saxena White P.A. ("Saxena White") as Lead Counsel and Pomerantz Haudek Grossman & Gross LLP ("Pomerantz") as Local Counsel, pursuant to the PSLRA; and (3) granting such other relief as the Court may deem just and proper.

Movant, as set forth in the accompanying certifications[1] incorporated by reference herein, purchased securities of Tongxin International Ltd. ("Tongxin") between May 15, 2009 and December 14, 2010, inclusive (the "Class Period"), at prices artificially inflated as a result of

---

[1] Movant's transactions in Tongxin securities during the Class Period are set forth in the Kivun, Castleberry, Jones, and Puhl Certifications, which are attached as Exhibit B to the Declaration of Jeremy A. Lieberman (the "Lieberman Decl."). The Kivun certification was executed by Benny Moses ("Mr. Moses") on behalf of Kivun. Mr. Moses is the Chief Executive Officer of Kivun. Mr. Moses has authority to execute the Certification and to seek lead plaintiff status on behalf of Kivun.

Defendants' violations of the federal securities laws.  As demonstrated herein, Movant incurred substantial losses[2] in connection with its transactions in Tongxin securities during the Class Period, and it will fairly and adequately represent the Class in its prosecution of this litigation.

## I.   PRELIMINARY STATEMENT

The action filed in this Court[3] is on behalf of all persons who purchased or otherwise acquired Tongxin securities during the Class Period, and against Tongxin and certain officers or directors of the Company (collectively, "Defendants") for violations of Sections 10(b) and 20(a) of the Exchange Act, as amended by the PSLRA, and Rule 10b-5 promulgated thereunder.

On January 3, 2011, Augenbaum published a notice to class members on *Business Wire* (the "Notice").   The Notice advised those who purchased or otherwise acquired Tongxin securities during the Class Period of the existence of a lawsuit against the Defendants. The Notice further advised class members of their right to move the Court to be appointed Lead Plaintiff within 60 days of the date of publication of the Notice, or March 4, 2011.[4]

Pursuant to the PSLRA, this Court should appoint as Lead Plaintiff the movant or group of movants that has demonstrated the "largest financial interest in the litigation" and also meet the typicality and adequacy prongs of Fed. R. Civ. P. 23.  *See* 15 U.S.C. 78u-4(a)(3)(B)(iii).  The Tongxin Shareholder Group suffered estimated losses of $289,241.27.   To the best of its knowledge, Movant's losses represent the largest known financial interest of any Class member seeking to be appointed as lead plaintiff.  Movant is not aware of any other class member that has filed an action or filed an application for appointment as lead plaintiff that has sustained greater financial losses.  In addition, Movant satisfies each of the requirements of the PSLRA

---

[2] A chart setting forth Movant's losses is attached as Exhibit C to the Lieberman Decl.
[3] Three similar actions were filed in the Central District of California.  They are entitled: *Goldstein v. Tongxin International Ltd. et al.,* 2:11-cv-0348-VBF-PJW; *Liu v. Tongxin International Ltd. et al.*, 2:11-cv-0671-VBF-PJW; and *Potrykus v. Tongxin International Ltd., et al.*, 2:11-cv-0803-VBF-PJW.
[4] A true and correct copy of the Notice is attached to the Lieberman Decl. as Exhibit A.

and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and, therefore, is qualified for appointment as Lead Plaintiff in the Action.  Thus, as demonstrated herein, Movant is the presumptive "most adequate plaintiff" and should be appointed Lead Plaintiff.

## II.   STATEMENT OF FACTS

Tongxin, through its Hunan Tongxin Enterprise Co. Ltd. subsidiary ("Hunan"), designs, develops, manufactures, sells, and services engineered vehicle body structures for light, medium, and heavy duty trucks, and light vehicles in the People's Republic of China.

As a result of Defendants' actions, the Company was forced to, *inter alia*: (i) withdraw previously-reported financial results as unreliable; (ii) delist its stock from the NASDAQ due to its failure to timely file financial reports with the exchange; (iii) acknowledge that an analysis by KMPG in connection with the Tongxin Audit Committee investigation of the Company's accounting indicated that Tongxin's accounting of related-party transactions may be invalid; (iv) remove the Company's CEO and CFO from their positions; (v) lower its revenue guidance for the fiscal year 2010; and (vi) initiate legal proceedings against Defendant Chang for wrongfully transferring the Company's funds for her own benefit.

## III.   ARGUMENT

As discussed below, Movant satisfies each of the three requirements set forth in the PSLRA and is qualified for appointment as Lead Plaintiff for the Class.  Lastly, Movant also seeks approval by this Court of its selections of Lead and Local Counsel for the Class.

### A.   Movant  Should Be Appointed Lead Plaintiff

### i.   The Procedural Requirements Pursuant To The PSLRA

The PSLRA sets forth a detailed procedure that governs the appointment of a Lead Plaintiff or Lead Plaintiffs in each private action arising under the Exchange Act that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure.  *See* 15 U.S.C. §78u-

4(a)(1) and (a)(3)(B)(i).  Specifically, the PSLRA provides that, within 20 days after the date on which a class action is filed, the plaintiff or plaintiffs who filed the initial complaint shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class: (i) of the pendency of the action, the claims asserted therein, and the purported class period; and, (ii) that not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiffs of the purported class. 15 U.S.C. §78u-4(a)(3)(A)(i).  Here, a notice was published on January 3, 2011 on *Business Wire*, advising class members of the pendency of the action.  *See* Lieberman Decl., Exhibit A.

Furthermore, the PSLRA directs the Court to consider any motions by plaintiffs or purported class members to serve as Lead Plaintiff in response to any such notice within 60 days after the date of publication of the notice, or as soon as practicable after the Court decides any pending motions to consolidate any actions asserting substantially the same claim or claims. Under this section, the court "shall" appoint the "most adequate plaintiff," and is to presume that such plaintiff is the person, or group of persons, which:

    a.  has either filed the complaint or made a motion in response to a notice…
    b.  in the determination of the court, has the largest financial interest in the relief sought by the class; and
    c.  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  Section 21D (a)(3)(B)(iii)(I).

As discussed below, Movant has complied with the procedural prerequisites of the PSLRA.  Moreover, Movant believes that it has the largest combined financial interest in the litigation, and otherwise meets the relevant requirements of Rule 23.

       ii.       **Movant Is "The Most Adequate Plaintiff"**

       1.       **Movant's  Motion is Timely**

Under the deadlines established by the PSLRA, any class members interested in moving for the appointment as Lead Plaintiff in this matter must do so within 60 days of the date of publication of the notice of the first filed action, or March 4, 2011.  Movant's motion is timely.

### 2.      Movant Has the Largest Financial Interest In The Litigation

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii) , the Court shall presume that the most adequate plaintiff is the "person or group of persons" that represent(s) the largest financial interest in the relief sought by the action and who also meets the requirements of Rule 23. During the Class Period, as evidenced by, among other things, the accompanying signed certifications and loss charts (*see* Lieberman Decl. Exhibits B and C), Movant has incurred a total combined loss of $289,241.27 on its transactions in Tongxin shares.  Movant believes that it has the largest financial interest in the litigation and it satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff.  15 U.S.C. § 78u-4 (a)(3)(B). *See In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998); *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at \*7-\*8 (N.D. Ill. Aug. 6, 1997).

### 3.      Movant Otherwise Satisfies Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, a Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure" in order to be the presumptive most adequate plaintiff.  15 U.S.C. §78u-4(a)(3)(B).  To that end, Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

5

Of the four prerequisites to class certification, only two—typicality and adequacy—are relevant in the Lead Plaintiff analysis.  Consequently, in deciding the motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until Lead Plaintiff moves for class certification.  *See In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

This interpretation is supported by the PSLRA, which provides that the most adequate plaintiff presumption may be rebutted only by proof that a plaintiff "will not fairly and adequately protect the interests of the class; or . . . is subject to unique defenses that render such plaintiff incapable of adequately representing the class."   15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Here, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

a. <u>*Movant's Claims Are Typical of Class Claims*</u>

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class.  The typicality requirement of Rule 23(a) is satisfied when a plaintiff has: (1) suffered the same injuries as the absent class members (2) as a result of the same course of conduct by defendants; and (3) plaintiff's claims and the claims of the class are based on the same legal issues.  *See In re Surebeam Corp. Sec. Litig.*, 2004 WL 5159061, at *6 (S.D. Cal. 2004) ("[typicality] mandates that the presumptive lead plaintiff's claim arise from the same event or course of conduct giving rise to the claims of other class members and be based on the same legal theory.") (internal quotations omitted).

Since the action seeks to prove that Defendants committed the same unlawful acts in the same methods against an entire class, and all members of this class have identical claims, the typicality requirement of Rule 23(a)(3) is satisfied.  *See id.* at *6, *citing Schwartz v. Harp*, 108

6

F.R.D. 279, 282 (C.D. Cal. 1985).  Movant seeks to represent a class of purchasers of Tongxin common stock that have identical, non-competing, and non-conflicting interests, and satisfy the typicality requirement because they: (a) purchased Tongxin shares during the Class Period at prices alleged to have been artificially inflated by the false and misleading statements issued by Defendants, and (b) were damaged by Defendants' alleged violations of the federal securities laws.  Movant's claims meet the typicality requirement since all the claims arise out of the same course of events, are based on the same legal theories, and questions of liability are common to all proposed class members.  *See id.* at *6.

      b.     <u>Movant Will Fairly and Adequately Protect the Interests of the Class</u>

Rule 23(a) further requires that the class representative fairly and adequately represent the class.  In determining whether a representative will fairly and adequately represent the class, courts assess: (i) whether the proposed Lead Plaintiff has interests that are not antagonistic to the class, (ii) whether the class representative has significant interest in the outcome of the case to ensure vigorous advocacy, and (iii) whether the representative party's counsel is qualified, experienced, and generally able to conduct the litigation.  *See Surebeam*, 2004 WL 5159061, at *5, *citing In re United Energy Corp. Solar Power Modules Tax Shelter Inv. Sec. Litig.*, 122 F.R.D. 251, 257 (C.D. Cal. 1998).

Movant will more than adequately represent the interests of the class.  First, Movant's interests are clearly aligned with the interests of the members of the proposed class, and there is no antagonism or conflict whatsoever between its respective interests and the interests of the class members.  As detailed above, Movant shares substantially similar questions of law and fact with the members of the Class, and its claims are typical of the members of the Class.  Second, Movant has amply demonstrated its adequacy as a class representative by signing certifications

affirming its willingness to serve as and assume the responsibilities of Lead Plaintiff. *See* Lieberman Decl., Exhibit B. Furthermore, having suffered substantial losses as a result of Defendants' misrepresentations and/or omissions, Movant will be a zealous advocate on behalf of the class. Finally, Movant's proposed Lead Counsel, Saxena White, is highly qualified and has extensive experience in successfully prosecuting securities class actions, as discussed *infra*. *See* Lieberman Decl., Exhibit D.

Thus, the close alignment of interests between Movant and the other class members, and its strong desire to prosecute this action on behalf of the class, provide ample justification to appoint Movant as Lead Plaintiff in this litigation. Accordingly, the Tongxin Shareholder Group satisfies the typicality and adequacy requirements of Rule 23 for the purposes of this motion and should be appointed as Lead Plaintiff.

     **B.**    **Movant's Choice of Lead and Local Counsel Should Be Approved**

Pursuant to the PSLRA, a Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the class. 15 U.S.C. §78u-4(a)(3)(B)(v). Moreover, the Court should not disturb a Lead Plaintiff's choice of counsel unless "necessary to protect the interests of the plaintiff class." *See* Statement of Managers—The "Private Securities Litigation Reform Act of 1995," 141 Cong. Rec. H14691-08, at H13700 (daily ed. Nov. 28, 1995); *see also In re Cavanaugh*, 306 F.3d 726, 732-733 (9th Cir. Cal. 2002) (The court should honor the Lead Plaintiff's selection of counsel except in extreme circumstances, where the selection of counsel appears "irrational" or is otherwise clearly against the interests of the class members).

Movant has selected the law firm of Saxena White to serve as Lead Counsel to pursue this litigation on its behalf and on behalf of the Class. Saxena White possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities

fraud class actions on behalf of injured investors.  As demonstrated by its firm resume, Saxena White has been appointed as Lead or Co-Lead Counsel in landmark, precedent-setting class actions.  *See* Lieberman Decl., Exhibit D.

Saxena White is a well-established, nationwide firm with an extensive and impressive track record of prosecuting complex litigation.  With offices in Florida, Massachusetts, and Montana, Saxena White is well-positioned to handle complex shareholder litigation across the country.  In litigating securities class actions, shareholder derivative actions, breach of fiduciary duty class actions, merger & acquisition challenges and consumer class actions, Saxena White has repeatedly demonstrated an ability to provide plaintiffs with superior representation as Lead Counsel.  The firm's considerable efforts have led to groundbreaking settlements and judgments resulting in a collective recovery in the hundreds of millions of dollars.  Courts throughout the country have recognized that Saxena White has the experience and resources to successfully and efficiently prosecute complex class and derivative actions as Lead Counsel.

For instance, acting as sole Class Counsel in a securities fraud action against SIRVA, Inc., Saxena White gained final approval from the Northern District of Illinois of a $53.3 million settlement for shareholders.  *See Central Laborers' Pension Fund v. SIRVA, Inc., et. al.*, No. 04 CV-07644 (N.D. Ill. November 2, 2007).  In addition to the monetary component of the settlement, SIRVA made significant reforms to its internal controls policies, including discarding the SIRVA Board of Directors plurality standard for director elections, and strengthening requirements regarding director attendance at shareholder meetings.  The development and implementation of these reforms (which the company recognized was a main result of the litigation) was truly a testament to the negotiating and litigation acumen that Saxena White demonstrated during the course of this complex action.

9

Further, the Honorable William S. Duffey, Jr. of the Northern District of Georgia, also noted that Saxena White's lawyers act with "dignity and respect," produce "well-done pleadings," are "thorough [and] insightful," and "fight[] as hard but as honestly and professionally as they can for the interest of their clients." *In re Freidman's Sec. Litig.*, 1:03-CV-3475-WSD (N.D. Ga. Feb. 5, 2009).  Similarly, the Honorable Judge Jed S. Rakoff, a noted Judge of the Southern District of New York, recognized that Saxena White had performed "excellent work" in this "important case" on behalf of Merrill Lynch and its shareholders worldwide. *In re Merrill Lynch & Co., Inc. Securities, Derivative and ERISA Litig.*, 4:07 Civ. 9633 (JSR) (S.D.N.Y. Jan. 20, 2009).

In approving the settlement in *Klien v. FPL Group, Inc.*, Judge Alan S. Gold recognized that the action presented "complex and novel legal issues…[where] the likelihood of success for Plaintiffs at the outset of the case was very low."  In approving the exceptional settlement that was eventually reached after years of hard fought litigation, Judge Gold stated:

> Plaintiffs' counsel, a highly experienced group of lawyers with national reputations in large securities class actions, recovered an unprecedented amount of money for shareholders as a result of this settlement - $22.25 million in addition to sweeping corporate governance changes which FPL Group has agreed to implement.[5]

In terms of derivative litigation, Saxena White is also currently serving as Co-Lead Counsel in one of the most significant derivative cases in the nation, *In re Bank of America Corp. Securities, Derivative and ERISA Litigation*, No. 09-MD-2058 (S.D.N.Y.).  The firm was appointed as Co-Lead Counsel from amongst numerous firms, with Judge Chin expressly noting that **Saxena White is "*experienced and qualified to serve as lead counsel.*"**

---

[5] *Klien v. FPL Group, Inc.*, Case No. 02-20170-civ-Gold (S.D. Fla. Nov. 23, 2004) (Order and Final Judgment of Dismissal at 9).

Additionally, the Tongxin Shareholder Group has selected Pomerantz to serve as Local Counsel which has extensive experience prosecuting complex litigation, including securities fraud class actions, and will serve to facilitate the litigation on a local level.  Accordingly, the Tongxin Shareholder Group should be appointed as Lead Plaintiff and the Court should approve of its selection of Saxena White as Lead Counsel and Pomerantz as Local Counsel.

## IV.   CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) appoint Movant as Lead Plaintiff for the Class; (2) approve Movant's selections of Saxena White as Lead Counsel and Pomerantz as Local Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated:   March 4, 2011
         New York, New York

Respectfully submitted,

**POMERANTZ HAUDEK**
  **GROSSMAN & GROSS LLP**

/s/ Marc I. Gross
Marc I. Gross
Jeremy A. Lieberman
100 Park Avenue
New York, New York 10017
Telephone: (212) 661-1100
Facsimile: (212) 661-8665

*Proposed Local Counsel for the Class*

**SAXENA WHITE P.A.**
Joseph E. White, III
Lester R. Hooker (SBA 241590)
2424 N. Federal Hwy, Suite 257
Boca Raton, FL  33431
Tel: (561) 394-3399
Fax: (561) 394-3382

*Proposed Lead Counsel for the Class*

11